**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| JESSE ANDREWS, ) | | |
| on behalf of himself and all other ) | | |
| plaintiffs similarly ) | | |
| situated ) | | |
| ) | | |
| v. ) | Case No.: 3:17-cv-50171 | |
| ) | | |
| ROCKFORD PROCESS CONTROL, INC. ) | | |
| Defendant. ) | | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff JESSE ANDREWS ("Andrews") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Class and Collective Action Complaint against ROCKFORD PROCESS CONTROL, INC ("Defendant") states as follows:

### Parties

1. Plaintiff is a resident of Illinois and worked as a Welder for Defendant in Illinois.

2. During the course of his employment with Defendant, Plaintiff handled goods that moved in interstate commerce.

3. Defendant Rockford Process Control, Inc. ("RCI") is an Illinois entity.

4. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203 (s)(1)(A) of the FLSA. 29 U.S.C. §203(s)(1)(A).

5. During the last three years, RCI's annual gross volume of sales made or business done has each exceeded $500,000, exclusive of excise taxes.

6. Defendant RCI is the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

7. Defendant RCI is Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

8. Plaintiff was RCI's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

9. Plaintiff was RCI's "employee" as defined by the IMWL 820 ILCS, 105/3(d).

## Jurisdiction and Venue

10. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

11. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

12. Plaintiff worked for RCI within the past three years as a welder.

13. Plaintiff and other similarly situated employees are paid $15.16 per hour and a shift differential of an additional $1.25 per hour for night shifts.

14. Plaintiff and other similarly situated employees worked night shifts and earned the additional $1.25 per hour shift differential.

15. The Department of Labor regulations specifically provide that: "The Act requires the inclusion in the regular rate of such extra premiums as nightshift differentials". § 778.207

16. The Department of Labor has explained that "the 'regular rate' includes an employee's hourly rate plus the value of some other types of compensation such as bonuses and shift differentials."[1]

17. Plaintiff performed his job responsibilities for RCI in the State of Illinois.

18. Plaintiff was not paid one and one-half times his regular rate of pay for all hours worked over 40 in a work week as the Department of Labor and the law requires.

19. For example, in the attached exhibit 1, Plaintiff's regular rate of pay is $16.41 per hour, however, he was paid at the overtime rate of $23.99 per hour.

20. However, under the FLSA and IMWL Plaintiff should have been paid at the overtime rate of $24.62 per hour ($16.41 * 1.5).

21. Plaintiff was not exempt from the overtime provisions of the FLSA.

22. Other similarly situated employees have been employed by Defendant and have not been paid the required overtime wages.

23. Defendant managed Plaintiff's work, including the amount of overtime required to be worked, and also dictated, controlled, and ratified the compensation and all related employment policies.

## CLASS AND COLLECTIVE ALLEGATIONS

24. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other non-exempt employees who worked overtime and was not fully compensated. ("FLSA Class")

---

[1] https://www.dol.gov/whd/regs/compliance/whdfs54.htm

25. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week and earned the additional $1.25 per hour shift differential.

26. At all times material to this Complaint, Defendant failed to comply with the FLSA in that Plaintiff and those similarly situated to Plaintiff performed services for Defendant for which no provision was made by Defendant to pay Plaintiffs and similarly situated persons the correct overtime rate of pay.

27. Plaintiff and asserted members of the collective are similarly situated because, *inter alia,* they were all were not paid the required overtime rate but were entitled under the FLSA to the paid overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week; and had such rights undermined and neglected by Defendants' unlawful practices and policies.

28. Defendant encouraged, permitted, and required the Class to work without required overtime compensation of one and one-half times the normal wages.

29. Defendant knows that Plaintiff and other members of the FLSA Class have been deprived of required overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff and the Class required compensation of one and one-half time regular rate of pay for work in excess of 40 hours of the FLSA Class.

30. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA class.

31. The records, if any, should be in the custody or control of the Defendant's concerning the members of the asserted collective, the number of hours actually worked by Plaintiff and

all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

32. Plaintiff will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the collective.

## **COUNT I- FAIR LABOR STANDARDS ACT**
**(Plaintiff Individually and on Behalf of All Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

33. The Plaintiff re-alleges and incorporates paragraphs 1 through 32, as if fully set forth herein.

34. At all relevant times, RCI employed and/or continued to employ Plaintiff and each member of the proposed class of hourly employees within the meaning of the FLSA.

35. Defendant has a policy and practice of not paying the proper overtime rate.

36. Under the FLSA, Plaintiff and the Class (hereinafter referred to as "The FLSA Class") were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each work week.

37. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all non-discretionary compensation paid to employees, including any shift differential.

38. Defendant failed to compensate the FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA

39. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

41. Due to Defendant's violations of the FLSA, Plaintiff alleges on behalf of the members of the proposed class that they have suffered damages and are entitled to recover damages from Defendant.

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

a.) A declaratory judgment that Defendant violated the overtime wage provisions of the FLSA as to the Plaintiff and the Class;

b.) A declaratory judgment that Defendant's violations were willful;

c.) A judgment of unpaid overtime compensation;

b.) A judgement of an additional equal amount as liquidated damages;

c.) Prejudgment interest; and

d.) Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

### COUNT II - ILLINOIS MINIMUM WAGE LAW– OVERTIME
### (Rule 23 Claim)

42. Plaintiff hereby alleges and incorporates Paragraph 1 through 41 of this Complaint, as is fully set forth herein.

43. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

44. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay, which includes the shift differential.

45. Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times regular hourly rate for such overtime work.

46. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times normal rate to be paid.

47. As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiff has been damaged in that he has not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiff prays for the following relief:

a.) A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff;

b.) A declaratory judgment that Defendants' violations of the IMWL were willful;

c.) A judgment to Plaintiff in the amount of unpaid wages;

d.) A judgment to Plaintiff of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

    e.)    A judgment to Plaintiff of reasonable attorney's fees and costs incurred in filing this action; and

    f.)    Such other and further relief as this Court deems appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated June 8, 2017                                  Respectfully Submitted,

                                                                                  By: /s/ David Fish
                                                                                  One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563